[Cite as *Duffy v. Ohio Dept. of Transp.*, 2010-Ohio-4961.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

KEVIN DUFFY

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2010-03461-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION


{¶ 1} Plaintiff, Kevin Duffy, filed this action against defendant, Department of Transportation (ODOT), contending his 2009 Mazda 5 Sport was damaged as a proximate cause of negligence on the part of ODOT in maintaining a hazardous condition on Interstate 75 North in Hamilton County. Specifically, plaintiff related both front tires on his vehicle were damaged as a result of striking a pothole located in the roadway "center lane just south of exit 14." Plaintiff filed this complaint requesting damage recovery in the amount of $348.53, the total cost of replacement parts needed resulting from the described incident. Plaintiff recalled that his property damage event occurred on February 18, 2010 at approximately 7:00 p.m. The filing fee was paid.

{¶ 2} Defendant denied liability in this matter based on the contention that no ODOT personnel had any knowledge of the particular damage-causing pothole prior to plaintiff's February 18, 2010 described occurrence. Defendant located the particular pothole "in the vicinity of mileposts 13.50 to 14.00 on I-75 in Hamilton County" and advised that "ODOT did not receive any reports of the pothole or have knowledge of the pothole prior to the (February 18, 2010) incident." According to ODOT records the only

pothole complaint received in the vicinity of plaintiff's incident, "I-75 NB between Exit 12 and Exit 15" was received on October 12, 2009. The complaint log records indicate that pothole was repaired on October 15, 2009. Defendant submitted a copy of "Maintenance Records" recording ODOT maintenance activity on Interstate 75 from August 18, 2009 to February 18, 2010. The submitted document shows ODOT personnel performed pothole patching operations in the vicinity of plaintiff's incident on November 10, 2009, January 20, 2010, February 11, 2010, and February 12, 2010. The pothole repair that was apparently made in response to the October 12, 2009 complaint is not listed on the submitted maintenance activity document.

{¶ 3} Defendant denied ODOT negligently maintained Interstate 75 in Hamilton County. Defendant noted the ODOT "Hamilton County Manager inspects all state roadways within the county at least two times a month." Apparently no potholes were discovered between mileposts 13.50 and 14.00 on Interstate 75 North the last time that section of roadway was inspected prior to February 18, 2010. The claim file is devoid of any copy of ODOT Hamilton County inspection records. Defendant asserted the particular location of Interstate 75 is a well patrolled location and suggested the pothole plaintiff's car struck "existed for only a short time before the incident."

{¶ 4} Plaintiff filed a response insisting his car was damaged as a proximate cause of negligence on the part of ODOT in maintaining the roadway. Plaintiff argued defendant was negligent in not conducting more frequent maintenance on Interstate 75 in Hamilton County due to the record snowfall recorded in the area during the month of February 2010. Plaintiff also argued defendant should have increased inspection frequency in response to weather conditions. Plaintiff disputed defendant's suggestion that the damage-causing pothole existed for a short period of time prior to 7:00 p.m. on February 18, 2010. Plaintiff noted "the size of the pothole was such that it is unreasonable to claim" it formed within a short time frame. Plaintiff did not offer any evidence to establish the length of time the pothole existed prior to 7:00 p.m. on February 18, 2010.

{¶ 5} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding*

*Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed. Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 6} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. There is no evidence that defendant had actual notice of the pothole. Therefore, for the court to find liability on a notice theory, evidence of constructive notice of the pothole must be presented.

{¶ 7} "[C]onstructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice or knowledge." *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197-198, 48 O.O. 231, 105 N.E. 2d 429. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard*, at 4. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. In order for there to be constructive notice,

plaintiff must prove, by a preponderance of the evidence, that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD; *Gelarden v. Ohio Dept. of Transp., Dist. 4*, Ct. of Cl. No. 2007-02521-AD, 2007-Ohio-3047.

{¶ 8} The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the pothole appeared on the roadway. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458. No evidence was presented to establish the length of time that the particular pothole was present. Size of the defect (pothole) is insufficient to show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891. Plaintiff has failed to prove that defendant had constructive notice of the pothole. Plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Therefore, defendant is not liable for any damage that plaintiff may have suffered from the roadway defect.

## Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

KEVIN DUFFY

Plaintiff

v.

OHIO DEPARTMENT OF TRANSPORTATION

Defendant

Case No. 2010-03461-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Kevin Duffy
400 Deanview Drive
Cincinnati, Ohio 45224

Jolene M. Molitoris, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio 43223

RDK/laa
5/25
Filed 6/14/10
Sent to S.C. reporter 10/11/10