[Cite as *Williams v. Ohio Dept. of Transp.*, 2011-Ohio-3546.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

NITA S. WILLIAMS

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2010-12893-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

**{¶ 1}** Plaintiff, Nita S. Williams, filed this action against defendant, Department of Transportation (ODOT), contending her 1998 Buick Lesabre was damaged as a proximate cause of negligence on the part of ODOT in maintaining a hazardous condition on Interstate 75 North in Montgomery County. Specifically, plaintiff noted her car was damaged when the vehicle struck a pothole "in the second lane from the concrete wall close to the Edwin C. Moses Blvd. exit" on Interstate 75 North. Plaintiff recalled her damage incident occurred on November 28, 2010 at approximately 10:00 p.m. In her complaint, plaintiff requested damages in the amount of $308.54, the cost of replacement parts and related repair expenses. Plaintiff also requested an additional $150.00 in damages she described as "inconvenience (and) car is rattling." Plaintiff did not offer any evidence to substantiate her additional damage claim. Payment of the filing fee was waived.

**{¶ 2}** Defendant denied liability in this matter based on the contention that no ODOT personnel had any knowledge of the damage-causing pothole on Interstate 75 North prior to plaintiff's occurrence. Defendant advised ODOT "records indicate that no calls or complaints were received regarding the pothole in question" prior to plaintiff's

damage event. Defendant further advised ODOT's "investigation indicates that the location of plaintiff's incident would be at state milepost 51.30 or county milepost 10.40 on I-75 in Montgomery County." Defendant denied receiving any prior notice of the pothole at milepost 51.30 despite the fact the particular "section of roadway on I-75 has an average daily traffic count between 99,440 and 113,330 vehicles." Defendant argued plaintiff failed to produce any evidence to establish the length of time the pothole at milepost 51.30 existed prior to 10:00 p.m. on November 28, 2010. Defendant suggested "it is more likely than not that the pothole existed in that location for only a relatively short amount of time before plaintiff's incident."

**{¶ 3}** Defendant explained ODOT first received notice of the pothole at milepost 51.30 when ODOT Montgomery County Manager, John Glover, was contacted by the City of Dayton Police and informed the pothole had been patched by City of Dayton road crews. Apparently the problem with the pothole at milepost 51.30 was addressed by City of Dayton personnel after plaintiff's damage occurrence. Defendant described the repair performed by City of Dayton personnel as a "temporary patch." Defendant submitted an e-mail from John Glover referencing his experience with the pothole at milepost 51.30. Glover recorded he received a courtesy call from the City of Dayton Police and was told "they had responded and that the situation was temporarily secured." Glover also recorded, "I was checking the location on my way to work and began planning the repair."

**{¶ 4}** Defendant asserted plaintiff failed to offer any evidence to prove her car was damaged as a proximate cause of negligent roadway maintenance on the part of ODOT. Defendant argued plaintiff failed to prove her property damage was the result of any conduct attributable to ODOT personnel. Defendant pointed out ODOT "Montgomery County crews travel each state highway twice a month in Montgomery County and look for potholes, low berms, and other safety hazards and records any deficiencies on the Bi-Weekly Road Inspection Reports" (copies submitted). According to the submitted records, Interstate 75 North including the area around milepost 51.30 was last inspected prior to November 28, 2010 on November 22, 2010 no roadway defects (pothole) at milepost 51.30 was discovered incident to the November 22, 2010 inspection. Defendant related, "if ODOT personnel had detected any defects they would have been promptly scheduled for repair."

**{¶ 5}** Plaintiff filed a response. Plaintiff did not provide any evidence to establish the length of time the particular damage-causing pothole at milepost 51.30 on Interstate 75 North existed prior to 10:00 p.m. on November 28, 2010.

**{¶ 6}** For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that she suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

**{¶ 7}** Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

**{¶ 8}** In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice, but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. There is no evidence that defendant had actual notice of the pothole. Therefore, for the court to find liability on a notice theory, evidence of constructive notice of the pothole must be presented.

**{¶ 9}** "[C]onstructive notice is that which the law regards as sufficient to give

notice and is regarded as a substitute for actual notice or working knowledge." *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197-198, 48 O.O. 231, 105 N.E. 2d 429. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard*, at 4. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. In order for there to be constructive notice, plaintiff must prove, by a preponderance of the evidence, that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances, defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD; *Gelarden v. Ohio Dept. of Transp., Dist. 4*, Ct. of Cl. No. 2007-02521-AD, 2007-Ohio-3047.

{¶ 10} The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the pothole appeared on the roadway. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458. No evidence was presented to establish the length of time that the particular pothole was present. Size of the defect (pothole) is insufficient to show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891. Plaintiff has failed to prove that defendant had constructive notice of the pothole. Plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Therefore, defendant is not liable for any damage that plaintiff may have suffered from the roadway defect. *Knight v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2010-03690-AD, 2010-Ohio-6546.

## Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

NITA S. WILLIAMS

  Plaintiff

  v.

OHIO DEPARTMENT OF TRANSPORTATION

  Defendant

  Case No. 2010-12893-AD

Deputy Clerk Daniel R. Borchert


ENTRY OF ADMINISTRATIVE DETERMINATION


Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.


_____
DANIEL R. BORCHERT
Deputy Clerk


Entry cc:

Nita S. Williams
3081 Valerie Arms Drive Apt. 6
Dayton, Ohio  45405

Jerry Wray, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

RDK/laa
3/21
Filed 4/5/11
Sent to S.C. reporter 7/8/11